1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| JOSEPH CARLINO,<br><br>                              Plaintiff,<br><br>       vs.<br><br><br><br>WASHINGTON MUTUAL<br><br>                              Defendant. | CASE NO. 08-CV-0995-H (JMA)<br><br>ORDER:<br><br>(1) DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND<br><br>(2) DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL<br><br>(3) DENYING WITHOUT PREJUDICE MOTION TO PROCEED IN FORMA PAUPERIS |

11
12
13
14
15
16
17
18
19
20
21

22    On June 4, 2008, plaintiff Joseph Carlino ("Plaintiff") submitted a civil complaint
23 against Washington Mutual along with a motion to proceed in forma pauperis ("IFP")
24 and a motion to appoint counsel under 42 U.S.C. § 2000e-5(f)(1). (Doc. Nos. 1-3.) For
25 the reasons discussed below, the Court dismisses the complaint for failure to state a
26 claim, with leave to amend.  The Court denies the motion to proceed in forma pauperis
27 without prejudice.  The Court denies the request for appointment of counsel without
28 prejudice.

1

## **Discussion**

2

### **I.      Sua Sponte Screening of IFP Complaint**

3       Under 28 U.S.C. § 1915(e)(2), the Court may dismiss an IFP complaint sua
4  sponte if the complaint is frivolous, malicious, or fails to state a claim. <u>Lopez v. Smith</u>,
5  203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but
6  requires a district court to dismiss an in forma pauperis complaint that fails to state a
7  claim."). "[W]hen determining whether a complaint states a claim, a court must accept
8  as true all allegations of material fact and must construe those facts in the light most
9  favorable to the plaintiff." <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000)
10 (discussing similar provision of 28 U.S.C. § 1915A); <u>Barren v. Harrington</u>, 152 F.3d
11 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal
12 Rule of Civil Procedure 12(b)(6)").   Rule 12(b)(6) of the Federal Rules of Civil
13 Procedure permits dismissal of a claim either where the claim lacks a cognizable legal
14 theory, or where plaintiff has not alleged facts sufficient to support the claim. <u>See</u>
15 <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must
16 contain factual allegations sufficient "to raise a right to relief above the speculative
17 level." <u>Bell Atlantic Corp. v. Twombly</u>, ___ U.S. ___, 127 S.Ct. 1955, 1965 (2007).

18      Plaintiff's complaint indicates a claim for "grand theft" of $1049.03.   The
19 complaint does not set forth any facts in support of this claim.   (<u>See</u> Doc. No. 1.)
20 Furthermore, to the extent that "grand theft" suggests a criminal act, Plaintiff is a
21 private party without the authority to initiate a criminal prosecution.  Finally, the Court
22 also notes that the complaint does not contain a "short and plain statement of the
23 grounds for the court's jurisdiction." <u>See</u> Fed. R. Civ. P. 8(a)(1).  Therefore, the Court
24 dismisses the complaint without prejudice for failure to state a claim.

25      If a complaint fails to state a claim, courts generally grant leave to amend unless
26 the pleading could not possibly be cured by the allegation of other facts. <u>See</u> <u>Doe v.</u>
27 <u>United States</u>, 58 F.3d 494, 497 (9th Cir.1995)  As a result, the Court will provide
28 Plaintiff with an opportunity to amend his pleadings.

## II.    Motion for Appointment of Counsel

Plaintiff has submitted a form motion for appointment of counsel under 42 U.S.C. § 2000e-5(f)(1).  Plaintiff did not complete all information in the form.  (See Doc. No. 3.)  For example, he does not indicate whether he sought or received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC").  He also does not describe any efforts taken to obtain counsel.  Furthermore, 42 U.S.C. § 2000e-5 generally relates to procedures for bringing allegations of unlawful employment practices to the EEOC, and subsequent court review.  It is unclear whether Plaintiff alleges an unlawful employment practice, let alone one properly brought before the EEOC.  Therefore, the Court denies the request without prejudice.

## III.    Motion to Proceed IFP

Since the Court has dismissed the complaint on its initial screening, the Court declines to grant leave to proceed IFP at this time.  The Court denies the motion to proceed IFP without prejudice.

## Conclusion

The Court dismisses the complaint without prejudice for failure to state a claim, denies the motion to proceed IFP without prejudice, and denies the motion to appoint counsel without prejudice.  Plaintiff may submit an amended complaint, consistent with this order, within **45 days** of the date this order is signed.  Plaintiff may also submit new requests to proceed IFP and for appointment of counsel.

IT IS SO ORDERED.

DATED:  June 11, 2008

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.